FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
NOV 24 2010
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA, OMAHA

| | |
|---|---|
| BONNIE KELLY, | Case No.: 8:10CV00245 |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| OMAHA HOUSING AUTHORITY EL AL, | |
| Defendants | |

This matter comes before the Court pursuant to Fed. Rule of Civ. Proc. Rule 26(c) for the entry of a Stipulated Order governing the disclosure of documents and information therein pertaining to medical, employment and education or confidential information of Plaintiff. The parties agree to disclose such information produced or obtained only as provided herein.

WITH THE CONSENT OF THE PARTIES, IT IS THEREFORE ORDERED THAT:

This Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

1. "Confidential Information" which is protected by this Protective Order shall include all medical, employment and educational information and materials relating to Plaintiff, Plaintiff, Bonnie Kelly previously produced or to be produced in the future.

2. All confidential information produced, obtained or transcribed in this action, including, but not limited to deposition testimony, interrogatory answers, tangible

item, documents, copies thereof, and any extracts, abstracts, charts, summaries or notes made therefrom, may at the instance of the parties, be deemed Confidential Information and subject to the restrictions set forth herein.

3. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purpose of this litigation, and shall not be used for any other purpose, and shall not be disclosed to any person who is not a qualified recipient. All confidential Information shall be maintained so as to preclude access to persons who are not qualified recipients.

4. Qualified recipients shall include only the following:

   I.
      a. Parties attorneys and their secretarial, clerical and paralegal staff

      b. Deposition notaries and their staff

      c. Expert witnesses employed by parties for the purpose of this case

      d. Parties to this case and

      e. Any other entity or person as may be authorized by the court.

   II. Should either party find it necessary in the parathion or tria of this action to disclose the other Party's Confidential Information to any person other than a person identified in paragraph 4 above, a notice will be served on the Party fully identifying the person to whom disclosure is to be made, together with a designation of specific information, documents, or other Confidential Information, or its contents, to be disclosed to such person. This notice will be accompanied by written acknowledgment, and the person to whom disclosure is to be made stating t hat he or she has read and understands this Order and agrees to be bound by its terms. Any objection to the proposed disclosure or the acknowledgement, and the

      reasons for the objections, will be stated in writing within five days of the receipt of the notice. If that objection is not resolved by agreement, then the matter will be submitted to this court by the Party seeking disclosure, and the disclosure will not be made pending this court's ruling as to whether the objection should be sustained.

III. Counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information", as defined by the terms of this Protective Order

IV. Recipients of "Confidential Information" shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as a contempt of the Court. Deponents who may be shown "Confidential Information" during their deposition shall be cautioned regarding the terms of this Order, and Counsel shall jointly endeavor to prevent copies of Confidential Information which are deposition exhibits from being sent to non-parties

V. Any objection to a party 's claim of confidential information shall be in writing, and the parties shall attempt to first resolve the dispute informally in good faith before filing a motion with the Court. The disputed information shall continue to be Confidential Information till the issue is resolved by the Court.

VI. All materials containing Confidential Information which are filed with the court in this action will be filed in a sealed envelope or other sealed container marked with the title of the action, and bearing a statement that the contents are "Confidential, Subject to Court Order."

VII. Upon the termination of this action by entry of a final judgment, the parties may request the return of all Confidential Information, including but not limited to any copy thereof, and such a request shall be honored within thirty days,

VIII. The termination of this action shall not relieve person or parties obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

IX. Parties do not adopt any position as to the admissibility of documents or information produced under this Protective Order, by agreeing to the entry of this Order.

DATED this 24th day of November, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge