IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BONNIE KELLY,** | ) | |
| | ) | 8:10CV245 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **OMAHA HOUSING AUTHORITY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on the defendants' Motion to Compel (Filing No. 30). The defendants attached evidentiary support to the motion. The plaintiff filed a "Response" (Filing No. 34), a "Brief in Response"[1] (Filing No. 35) and evidence in two parts (Filing Nos. 36 and 37) opposing the motion. The defendants did not file a reply.

    On August 26, 2010, the defendants served the plaintiff with discovery requests including Interrogatories, Requests for Admission, and Requests for Production. **See** Filing No. 11 - Notice of Mailing. On September 28, 2010, the plaintiff served responses. **See, e.g.,** Filing No. 30 - Ex. 6 Plaintiff's Answer to Defendants' First Set of Interrogatories. On September 29, 2010, the defendants' counsel wrote a letter to the plaintiff's counsel describing various alleged deficiencies in the responses including that certain responses and answers were insufficient, the interrogatory answers were not signed by counsel, and no documents were produced. **See** *id.* Ex. 1 Sept. 29, 2010, Letter. The plaintiff's counsel replied by letter dated October 11, 2010, providing explanations and argument supporting the initial discovery responses. **See** *id.* Ex. 2 Oct. 11, 2010, Letter. The plaintiff's counsel expressed an interest in resolving the discovery disputes by telephone on October 13, 2010. *Id.* at 3. However, on October 12, 2010, the defendants' counsel again wrote to the plaintiff's counsel expressing concern about unresolved responses, which were not among those addressed by the plaintiff's counsel's letter. **See** *id.* Ex. 3 Oct. 12, 2010, Letter. The defendants' counsel indicated he "will look forward to speaking with [the plaintiff's counsel] tomorrow." *Id.* at 2.

---

    [1] The plaintiff's filing of this Response is contrary to the plain language of the Nebraska Civil Rules, which state, "The party opposing a motion must *not* file . . . [a] "response," or any similarly titled responsive pleading. Rather, the party must file a brief. . . ." NECivR 7.0.1(b)(1)(A) (emphasis added). In any event, the plaintiff's brief contains the argument raised in the Response, so the Response is redundant.

The plaintiff's counsel states the parties conferred by telephone on or about October 15, 2010, at which time they agreed the plaintiff would supplement the discovery responses by October 29, 2010. **See** Filing No. 36 - Ex. A Ekeh Aff. ¶¶ 2-3. The plaintiff's counsel states that providing time for the revisions allowed for entry of a protective order and would "narrow down the issues for further deliberation if need be." *Id.* ¶¶ 2-3. Further, the plaintiff's counsel states the parties contemplated production of documents in two parts, with the first part comprising a CD with the documents at hand and the second part comprising documents subject to the anticipated protective order. *Id.* ¶¶ 3-4. In any event, the defendants' counsel wrote on October 25, 2010, stating "we will await your response to the Defendants' concerns with your responses, as advanced in our letter of October 12, 2010. **If we do not hear back from you by Friday, August 29, 2010 [sic], we will be forced to consider other options, such as filing a Motion to Compel**." Filing No. 30 - Ex. 4 Oct. 25, 2010, Letter.

On October 29, 2010, the plaintiff served revised responses and answers to the defendants' Request for Production and Interrogatories. **See** Filing No. 36 - Ex. C Responses; Filing No. 37 - Ex. B Answers.[2] The plaintiff's counsel states he mailed the documents and the mail has not been returned to him as undeliverable for any reason. **See** Filing No. 36 - Ex. A Ekeh Aff. ¶ 5. In support of his assertion regarding the date of service, he has attached a receipt showing the purchase of large envelopes. **See** Filing No. 36 - Ex. D. On November 24, 2010, the court entered a protective order, as requested by the parties, to shield certain confidential documents from public dissemination. **See** Filing No. 26.

On December 2, 2010, the defendants' counsel again wrote to the plaintiff's counsel indicating he had not received a response from the plaintiff to the October 12, 2010, letter and threatened to file a motion to compel. *Id.* Ex. 5 Dec. 2, 2010, E-mail. The plaintiff's counsel states he called the defendants' counsel on December 6, 2010, but was advised the defendants' counsel, Mr. Achola and Ms. Blanke, were not in the office that day. **See**

---

[2] The plaintiff did not file a certificate of service for either discovery response at the time of service. **See** NECivR 33.1(e) and 34.1(b). On December 30, 2010, the plaintiff filed a document titled, Notice of Service of Her Revised Answers and Responses to Defendants' First Interrogatories and Request for Production, indicating service by mail had occurred on October 29, 2010. **See** Filing No. 33.

2

Filing No. 36 - Ex. A Ekeh Aff. ¶ 7. The plaintiff's counsel states he called again on December 7, 2010, but did not leave a message after discovering Mr. Achola was out of the office for the day and Ms. Blanke would be out of the office until mid-January. *Id.* The plaintiff's counsel states he called a third time, on December 8, 2010, leaving a message for Mr. Achola. *Id.* ¶ 8. Mr. Achola returned the call on December 9, 2010, however the plaintiff's counsel was unable to take the call at that time. *Id.* ¶ 9. The plaintiff's counsel states he thought counsel could confer during a deposition scheduled for December 10, 2010, however the deposition was continued. *Id.* ¶ 10.

The defendants' counsel states he did not receive a response to the December 2, 2010, correspondence from the plaintiff's counsel by the time he filed the motion to compel on December 16, 2010. **See** Filing No. 30. In the motion, filed without a brief, the defendants seek an order compelling the plaintiff to fully answer the Interrogatories "as identified in Exhibit 3" and fully respond to the Requests for Production by providing documents. *Id.* at 2. The defendants do not acknowledge, nor deny, receipt of the October 29, 2010, discovery responses and answers. By the same token, the defendants do not raise any arguments related to the content of such responses and answers.

The plaintiff argues the defendants' motion is deficient for failing to comply with the spirit and text of the United States District Court for the District of Nebraska Civil Rules (Nebraska Civil Rules). Specifically, the plaintiff contends the defendants failed to comply with NECivR 7.0.1, which requires counsel to attempt to resolve their discovery dispute before filing a motion to compel. **See** NECivR 7.0.1(i). Although the plaintiff recognizes the defendant conferred in an attempt to resolve the discovery dispute related to the September 28, 2010, responses and answers, the plaintiff argues the defendants failed to confer regarding the revised October 29, 2010, responses and answers.

The court finds the defendants' motion is deficient for failure to comply with the Nebraska Civil Rules. First, the defendants failed to file a brief in support of the motion. **See** NECivR 7.0.1(a). The Nebraska Civil Rules provide:

> A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. **The brief must be separate from, and not** attached to or **incorporated in, the motion or index of evidence**. The brief must concisely state the reasons for the motion and cite to

> supporting authority. A party's failure to brief an issue raised in a motion may be considered a waiver of that issue. The brief must not recite facts unless supported as described in Nebraska Civil Rule 7.0.1(a)(2).

**See** NECivR 7.0.1(a) (emphasis added).

While failure to file a brief may not always be fatal to a discovery motion, the defendants failed to provide substantial justification or any support, factual or legal, for their motion as it relates to the plaintiff's relevant responses and answers (the October revised version) to the disputed discovery requests. For this reason alone, the court may deem the motion to compel to have been abandoned by the defendants. **See** NECivR 7.0.1 (stating "a party who does not follow this rule may be considered to have abandoned in whole or in part that party's position on the pending motion"). Similarly, the defendants appear to have waived the issues raised in the motion. **See** NECivR 7.0.1(a).

Second, the defendants failed to indicate compliance with NECivR 7.0.1(i). NECivR 7.0.1 provides:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

**See** NECivR 7.0.1(i).

Any attempt to resolve the parties' differences was made with regard to the unrevised version of the responses and answers. A review of the plaintiff's relevant responses and answers in the context of the defendants' stale concerns or any attempt by the court at this time to divine the actual dispute between the parties would be futile. This is particularly true in light of the Nebraska Civil Rules provision that the court only consider a discovery motion in which the moving party has complied with the rules. Accordingly, the defendants' motion to compel will be denied.

When the court denies a party's motion to compel, the court must determine whether sanctions are appropriate. With regard to motions to compel discovery, Federal Rule of Civil Procedure 37(a) provides:

> If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). The defendants' filing of the instant motion and failure to reasonably confer with opposing counsel required the plaintiff to file a brief and evidence to oppose the motion. Further, the defendants' conduct in failing to file a reply addressing the issues raised by the plaintiff or failing to withdraw the motion required the court to spend judicial resources on the presently unresolvable matter. The court shall, after the defendants have a chance to respond, grant the plaintiff reasonable expenses for filing her opposition, unless the defendants show substantial and legal justification for filing the motion to compel without apparent legal authority or factual basis. **See *id.*** Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion to Compel (Filing No. 30) is denied.

2. **On or before February 24, 2011**, the defendants shall show cause why sanctions, including the award of attorney's fees under Fed. R. Civ. P. 37(a)(5)(B), should not be imposed.

DATED this 11th day of February, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.