**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **BONNIE KELLY,** | ) | |
| | ) | **8:10CV245** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **OMAHA HOUSING AUTHORITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the defendants' response (Filing No. 43) to the court's February 11, 2011, order to show cause (Filing No. 42). The plaintiff filed an objection (Filing No. 44) to a portion of the defendants' response. The defendants did not file a reply.

On December 16, 2010, the defendants filed a Motion to Compel (Filing No. 30). The defendants attached evidentiary support to the motion. The plaintiff filed a "Response" (Filing No. 34), a "Brief in Response" (Filing No. 35) and evidence in two parts (Filing Nos. 36 and 37) opposing the motion. The defendants did not file a reply. On February 11, 2011, the court entered an order denying the motion to compel. **See** Filing No. 42. The essence of the motion to compel was that the defendants served the plaintiff with discovery requests and the plaintiff responded with, according to the defendants, unsatisfactory responses. The parties conferred in attempts to resolve the differences. Based on their discussions, the plaintiff served supplemental responses. Despite the supplemental responses, the defendants filed the motion to compel without conferring with the plaintiff.

The defendants' counsel takes responsibility for making "some error in assessing the facts and researching the applicable rules" before filing the motion to compel because counsel's attention was "diverted" by a number of pressing matters for his client. **See** Filing No. 43. Counsel admits he failed to address the revised discovery responses due to "an internal miscommunication." *Id.* Counsel states he did not investigate whether his office had received the supplemental discovery responses until the court entered the show cause order. *Id.* Counsel argues his motion to compel was substantially justified based on the faulty information he had at the time. *Id.* Furthermore, counsel contends his actions are

not "indicative of the type of belligerent and uncompromising approach that [Rule 37] is designed to prevent." *Id.*

When the court denies a party's motion to compel, the court must determine whether sanctions are appropriate. With regard to motions to compel discovery, Federal Rule of Civil Procedure 37(a) provides:

> If the motion is denied, **the court** . . . **must**, after giving an opportunity to be heard, **require the movant**, the attorney filing the motion, or both **to pay the party . . . who opposed the motion its reasonable expenses** incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B) (emphasis added).

The court finds expense-shifting sanctions are appropriate under the circumstances. The defendants' filing of the motion to compel and failure to reasonably confer with opposing counsel required the plaintiff to file a brief and evidence to oppose the motion. Further, the defendants' conduct in failing to file a reply addressing the issues raised by the plaintiff or failing to withdraw the motion required the court to spend judicial resources on the matter. To make the matter worse, the defendants' counsel admits he did not "investigate" whether his office had received the supplemental discovery responses when the plaintiff filed the response to the motion to compel. It was not until the court entered the show cause order that the defendants attempted to resolve the intra office "miscommunication." The local and federal rules are in place to prevent the very type of conduct engaged in by the defendants' counsel. Specifically, the defendants' counsel filed an unsupported motion without conferring with opposing counsel enough to realize he had received supplemental discovery responses more than one month earlier. The court need not determine whether counsel's conduct was "belligerent or uncompromising." Rule 37 does not require the court to determine whether the movant's conduct was willful. However, this waste of resources should not be borne by the plaintiff who acted reasonably and responsibly when confronted with the motion to compel. Under these circumstances, the court finds the defendants have failed to show substantial justification for filing the motion or other circumstances which make an expense award unjust. Accordingly, the

court will grant the plaintiff reasonable expenses for filing her opposition to the motion to compel.  Upon consideration,

**IT IS ORDERED:**

1.      The plaintiff is awarded reasonable costs and attorney's fees in responding to the defendants' Motion to Compel (Filing No. 30).

2.      Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before March 25, 2011,** a stipulation of the costs and fees to be awarded.  In the event the parties fail to reach an agreement, the plaintiff may file **on or before March 29, 2011,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. The defendants shall have **until on or before April 5, 2011,** to respond to the plaintiff's application.  Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

3.      The plaintiff's objection (Filing No. 44) is sustained.  The court did not consider the portion of the defendants' response to which the plaintiff objected when determining whether to assess sanctions.

DATED this 8th day of March, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.