IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BONNIE KELLY, | ) | |
| | ) | 8:10CV245 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OMAHA HOUSING AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Attorney Fees (Filing No. 52). The plaintiff filed a brief (Filing No. 53), reply brief (Filing No. 83), and evidence (Filing Nos. 52 and 84) in support of the motion. The defendants filed a brief (Filing No. 77) and an index of evidence (Filing No. 78) in opposition to the motion.

On December 16, 2010, the defendants filed a Motion to Compel (Filing No. 30). The defendants attached evidentiary support to the motion. The plaintiff filed a "Response" (Filing No. 34), a "Brief in Response" (Filing No. 35) and evidence in two parts (Filing Nos. 36 and 37) opposing the motion. The defendants did not file a reply.

On February 11, 2011, the court entered an order denying the motion to compel. **See** Filing No. 42. The essence of the motion to compel was that the defendants served the plaintiff with discovery requests and the plaintiff responded with, according to the defendants, unsatisfactory responses. The parties conferred in attempts to resolve the differences. Based on their discussions, the plaintiff served supplemental responses. Despite the supplemental responses, the defendants filed the motion to compel without conferring with the plaintiff.

The defendants' counsel, George Achola, took responsibility for making "some error in assessing the facts and researching the applicable rules" before filing the motion to compel because his attention was "diverted" by a number of pressing matters for his client. **See** Filing No. 43. Counsel admitted he failed to address the revised discovery responses due to "an internal miscommunication." *Id.* Counsel stated he did not investigate whether his office had received the supplemental discovery responses until the court entered the show cause order. *Id.* Counsel argued his motion to compel was substantially justified based on the faulty information he had at the time. *Id.* Furthermore, counsel argued his

actions were not "indicative of the type of belligerent and uncompromising approach that [Rule 37] is designed to prevent." *Id.*

On March 8, 2011, the court entered an order awarding the plaintiff reasonable costs and attorney's fees associated with having to respond to the defendants' motion. **See** Filing No. 50 - Order. The court determined fee shifting was appropriate given Mr. Achola's failure to appropriately confer with the plaintiff's counsel or provide substantial justification for filing the motion to compel, which did not address the supplemental discovery responses. *Id.* The court gave the parties an opportunity to confer regarding the amount of the award. *Id.*

The parties did not reach an agreement about the award. The plaintiff seeks an award of $3,881.25, based on the amount of time the plaintiff's counsel spent reviewing and responding to the documents filed by the defendants and preparing the application for fees. **See** Filing No. 53. Specifically, the plaintiff alleges counsel spent 17.25 hours at a rate of $225.00 per hour. **See** Filing No. 52-2 Itemization. The defendants dispute whether the time expended or the hourly rate is reasonable. **See** Filing No. 77. In particular, the defendants argue the five hours listed for time spent working on an objection to the defendants' response to the show cause order was unreasonable and unnecessary, especially because the objection consists of only three paragraphs. *Id.* at 2-3. The defendants note they reached an agreement with the plaintiff about the amount of fees, however the plaintiff rejected the agreed upon amount in response to the defendants' request to pay the amount over the course of three months. *Id.* at 3; Filing No. 78-1. In reply, the plaintiff's counsel states his research regarding the rate charged by attorneys of his standing in the area is consistent with an average of $250.00 per hour. **See** Filing No. 83 - Reply at 2. The plaintiff's counsel argues he felt an ethical obligation to spend the time expended on research and client contact in connection with the relevant issues. *Id.* at 3. Finally, the plaintiff notes the parties had agreed to a reasonable award of $2,762.50, however the agreement failed due to the defendants' attempt to include a payment plan. *Id.* at 1-2.

The court finds the amount sought in the plaintiff's motion is not entirely reasonable. As noted above, the plaintiff was required to respond to the defendants' motion. The

defendants' motion was apparently baseless without legal or evidentiary support, but filed based on the defendants' counsel's failure to confer with opposing counsel or timely review of the supplemental discovery responses. The motion raised legal and factual issues to which the plaintiff was required to respond. Furthermore, the defendants may have prevented unnecessary activity had they filed an appropriate reply after reviewing the supplemental discovery responses. Finally, the court has reviewed the affidavit and billing records filed in support of the plaintiff's motion and finds the amounts are not entirely reasonable. Given the defendants' obvious oversight of the supplemental discovery responses and the legal and factual simplicity of the briefing in this matter, the amount of time will be slightly reduced. Further, the court finds the plaintiff has failed to substantiate the hourly rate. Given the elements discussed above, the court finds sanctions in the amount of $2,762.50, for time spent responding to the defendants' motion to compel, is appropriate. **See** Fed. R. Civ. P. 11(c)(4). This monetary sanction will be assessed against the defendants and their attorney, George Achola. Accordingly, the plaintiff's application will be granted in the amount of $2,762.50. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff is awarded reasonable costs and attorney's fees in the amount of $2,762.50, for responding to the defendants' Motion to Compel (Filing No. 30).

2. The defendants and their attorney, George Achola, shall have forty-five days from the date of this Order to pay the plaintiff the sum of $2,762.50, and file verification of payment with the court.

DATED this 12th day of April, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.