IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BONNIE KELLY, | ) | |
| | ) | 8:10CV245 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| OMAHA HOUSING AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Reconsider Minute Order Doc. 86 (Filing No. 87) and Motion to Strike Duplicative Exhibits (Filing No. 90).

On March 1, 2011, the defendants filed a motion for summary judgment, with a brief and an index of evidence. **See** Filing Nos. 46, 47, and 48. On March 2, 2011, the defendants filed an amended index of evidence. **See** Filing No. 49. On March 25, 2011, the plaintiff filed a brief in opposition to the defendants' motion for summary judgment. **See** Filing No. 51. On April 1, 2011, the plaintiff filed an amended brief, after receiving leave of court to do so. **See** Filing No. 57. On the same date, the plaintiff filed several documents as "index of evidence" or "attachment." **See** Filing No. 58 ("TAB. F" and "Exhibit C"); Filing No. 58-1 ("TAB. E" with the docket text stating "Exhibit E"); Filing No. 59 ("TAB. D-1"); Filing No. 59-1 ("TAB. D-2"); Filing No. 59-2 ("TAB. D-3"); Filing No. 60 (Index listing evidence and Exhibits A-1, A-2, A-3, and A-4); Filing No. 61 ("TAB. E"); Filing No. 62 ("TAB. F" and "Exhibit C"); Filing No. 63 ("TAB. D-1"); Filing No. 64 ("TAB. D-2"); Filing No. 65 ("TAB. D-3"). On April 2, 2011, the plaintiff again filed several "attachments". **See** Filing No. 66 ("TAB A-5" however docket text says "regarding Ex. D"); Filing No. 67 ("TAB A-5"); Filing No. 68 (appears to be a continuation of Exhibit A-5); Filing Nos. 69-70 ("TAB. C" and what appears to be a continuation of the same document); Filing No. 71 ("TAB. D-1" however docket text says "regarding Exhibit D"); Filing No. 72 (document without exhibit number and not found on exhibit list however docket text says "regarding Exhibit D"); Filing No. 73 (Ekeh Decl.); Filing Nos. 74-75 ("TAB. B"). Finally, the plaintiff filed one last exhibit on April 3, 2011. **See** Filing No. 76 (Kelly Aff.). On April 4, 2011, the plaintiff re-filed "TAB.

E" because the document previously filed at Filing No. 61 is partially illegible. **See** Filing No. 79.

On April 7, 2011, the plaintiff filed a motion to strike "out from the record Docket filing numbers 58, 59, 60 and 61, exhibits submitted by plaintiff in support of her opposition to defendants' motion for summary judgment as being duplicative." **See** Filing No. 82. Later the same day, the plaintiff again filed the same motion to strike using identical language in the text of the motion. **See** Filing No. 85.[1] Subsequently, the court entered a text order granting the plaintiff's identical motions to strike directing that "[t]he Clerk of Court shall strike from the record the plaintiff's exhibits at Filing Nos. 58, 59, 60, and 61, as requested." **See** Filing No. 86. The Clerk of Court complied with the order.

On the same date, the plaintiff filed a motion to reconsider, stating the plaintiff "moves this Court to reconsider its Order, Docket filing number 86, granting Plaintiff's Motion To Strike, Docket filing 82. Plaintiff's counsel inadvertently submitted docket filing number 82. WHEREFORE Plaintiff prays the court to strike out from the record the only Docket filing number 85." The plaintiff's motion for reconsideration must be denied. The plaintiff's motions at Filing Nos. 82 and 85 were identical. The fact that one of the motions was inadvertently filed does not change the relief sought in the motions.

Subsequently, the plaintiff filed the April 10, 2011, motion to strike stating the plaintiff:

> moves this Court to withdraw docket filings numbers 82 and 85 which were filed in error and to reinstate docket filing numbers 58, 58-1, 59, 60 and 61 strike from the record by the court, docketing filing number 86, pursuant to Plaintiff's motion to strike, docket filing numbers 82 and 85.
> Plaintiff moves this Court to strike docket filings 58, 58-1, 59, 59-1, 59-2, 61, 63, and 66.
> WHEREFORE Plaintiff prays the court to allow to withdraw docket filing numbers 82 and 85, reinstate docket filing numbers 58, 58-1, 59, 60, 61 and strike out from the record the only Docket filing numbers 58, 58-1, 59, 59-1, 59-2, 61, 63, and 66.

---

[1] The court notes the docket text for Filing No. 82 referenced striking "filing numbers 58, 59, 60, & 61" while the docket text for Filing No. 85 referenced striking "docket filings 58-1 and 61." However, the court will not disregard the explicit text of a motion and rely only on the docket text.

2

> Plaintiff obtained Defendants' consent to file this motion to strike duplicative exhibits filed by Plaintiff in support of her opposition to their motion for summary judgment on April 6, 2011.

**See** Filing No. 90.

The plaintiff's April 10, 2011, motion seeks relief similar to that sought in the earlier motions. However, in the context of all of the plaintiff's filings, the actual relief sought is still unclear. The court will not reinstate certain filings merely to strike them anew. The court has reviewed the record and finds that the plaintiff's filings associated with the brief in response to the defendants' summary judgment were filed in contravention of the court's local rules and procedures. **See** NECivR 7.0.1(b)(2) and Filing Attachments Written Procedures found at http://www.ned.uscourts.gov/cmecf/training.html. Also available on the website are interactive computer-based training modules about filing attachments and other basic electronic filing tasks. The plaintiff's failure to file the documents in conformance with the court's procedures has resulted in confusion, repeated duplicate filings, and multiple motions and orders. Future failures to comply with the local rules and procedures may result in the court striking documents improperly filed and treating the plaintiff's position as abandoned. **See** NECivR 7.0.1; NEGenR 1.3.

In an attempt to clarify the record and strike duplicate or unnecessary extra filings, the court will modify the docket as set forth below. The plaintiff's listing of evidence, as it appears from the Index (Filing No. 60), is repeated below with corresponding filing numbers, as available. This list does not include duplicate or mistaken filings, which have been stricken.

| | | |
|---|---|---|
| Filing No. 73 | | Vincent Ekeh's Affidavit. |
| Filing No. 76 | | Bonnie Kelly's Affidavit. |
| Filing No. 60-1 | Exhibit A-1: | Bonnie Kelly's Application for HR position |
| Filing No. 60-2 | Exhibit A-2: | Email from Frank Brown request to review contracts prior to approval. |
| Filing No. 60-3 | Exhibit A-3: | Robert Fidoni's email to Kelly with the word KISS |
| Filing No. 60-4 | Exhibit A-4 | Timothy Bohling 10/12008 03:04 PM, Subject: Building Access-Email. |
| Filing Nos. 67 & 68 | Exhibit A-5 | Excerpts of OHA Board of Directors Minutes from May 2008 to June 2009 showing the attendance of Bonnie Kelly at those Meetings as a Director. |
| Filing Nos. 74 & 75 | Exhibit B: | Timothy Bohling's Deposition Excerpts. |

| | | |
|---|---|---|
| Filing Nos. 69 & 70 | Exhibit C: | Stanley Timm's Deposition Excerpts. |
| NOT FOUND | Exhibit D: | Kelly's job performance evaluation by Barry Long for 2004 and 2003. |
| Filing No. 59 | Exhibit D-1: | Kelly's job performance evaluation by Stanley Timm for 2005. |
| Filing No. 59-1 | Exhibit D-2: | Kelly's job performance evaluation by Stanley Timm for 2006. |
| Filing No. 59-2 | Exhibit D-3: | Kelly's job performance evaluation by Stanley Timm for 2007. |
| Filing No. 79 | Exhibit E: | Housing Authority Of The City Of Omaha Personnel Policy Handbook. Effective July 1, 2007. Approved May 24, 2007 by the OHA Board of Commissioners. |
| Filing No. 62 | Exhibit F: | Housing Authority Of The City Of Omaha Procurement & Contract Director; Reports to: Executive Director; Location: Central Office; Revision: December 20, 2006; Status: Exempt, also January 5, 2009. |

If either party believes the court has misinterpreted the plaintiff's motions, such party shall file a detailed motion listing each relevant document by filing number and exhibit number with a full explanation for any change sought. Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion to Reconsider Minute Order Doc. 86 (Filing No. 87) is denied.

2. The plaintiff's Motion to Strike Duplicative Exhibits (Filing No. 90) is granted as set forth herein.

3. The Clerk of Court shall reinstate Filing No. 59 and change the docket text to read, "ATTACHMENT - CONTINUED regarding Brief [57] and in opposition to defendants' motion for summary judgment [46], Exhibit D-1" and to remove the word "STRICKEN." The attachments shall remain as listed and are not to be stricken or modified.

4. The Clerk of Court shall reinstate Filing No. 60 and change the docket text to read, "Index in support of Brief [57] and in opposition to defendants' motion for summary judgment [46]" and to remove the word "STRICKEN." The attachments shall remain as listed and are not to be stricken or modified.

5. The Clerk of Court shall strike Filing No. 63 (a document titled "Tab. D-1"); Filing No. 64 (a document titled "Tab. D-2"); Filing No. 65 (a document titled "Tab. D-3"); Filing No. 66 (a document titled "TAB A-5"); and Filing No. 71 ("TAB. D-1" however docket text says "regarding Exhibit D") as duplicate filings.

6. The Clerk of Court shall strike Filing No. 72 because it does not have an exhibit number and is not found on the plaintiff's exhibit list despite the docket text indicating it is associated with "Exhibit D".

7. The Clerk of Court shall amend the docket text for Filing No. 75 to change the text "Exhibit 2" to "Exhibit B (part 2)."

DATED this 14th day of April, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.